**LAS MISIONES DE BEJAR TELEVISION CO.,**
Appellant,

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**Alamo Broadcasting Corporation, Intervenor.**

No. 84-1255.

United States Court of Appeals, District of Columbia Circuit.

Sept. 20, 1985.

James A. McKenna, Jr., Thomas N. Frohock, William N. Keane and Dennis P. Cor-

bett, Washington, D.C., for appellant, and Robert A. Beizer, R. Clark Wadlow and Jane D. Woodfin, Washington, D.C., for intervenor, were on the joint motion for reconsideration.

Daniel M. Armstrong, Associate Gen. Counsel, and Sue Ann Preskill, Counsel, F.C.C., Washington, D.C., for appellee, were on the statement in support of the motion for reconsideration.

Before WRIGHT and SCALIA, Circuit Judges, and MARKEY,* Chief Judge, United States Court of Appeals for the Federal Circuit.

Statement of Reasons filed by Circuit Judge SCALIA, in which Chief Judge MARKEY concurs.

## ON JOINT MOTION FOR RECONSIDERATION

### ORDER

PER CURIAM.

Upon consideration of the joint motion of appellant and intervenor for reconsideration, and of the statement filed in support thereof, it is

ORDERED, by the Court, that the joint motion for reconsideration of this Court's order filed July 29, 1985 is granted and the record herein is remanded to the Federal Communications Commission to permit action on the settlement agreement.

Statement of Reasons filed by Circuit Judge SCALIA, in which Chief Judge MARKEY concurs.

■ This case was argued and submitted on April 23, 1985. On June 21, 1985, the court received a letter from counsel for appellant advising it of settlement negotiations in progress between appellant and intervenor (the successful applicant for the station-license denied to appellant by appellee FCC). By that time, the case had already been decided, and both the court's

* Sitting by designation pursuant to 28 U.S.C. § 291(a).

opinion and my separate concurrence had been prepared and circulated to the panel. A Joint Request for Remand by appellant and intervenor (indicating that it was consented to by the FCC) was filed on July 12, 1985. The purpose of the requested remand was to enable the Commission to consider a settlement agreement between the competing applicants which required its approval under 47 U.S.C. § 311(c) (1985). That Request was denied by order of July 29, Judge Wright dissenting.

On August 21, 1985, our opinion still not having issued, appellant and intervenor filed a Joint Motion for Reconsideration of our denial. This time the Commission filed a Statement in Support of the motion, asserting, among other things, that there may be no need for remand in order for the Commission to consider and approve the settlement, though expressing reluctance to take that course, "solely as a matter of avoiding any action which might be viewed by the Court as an invasion.of its jurisdiction," and "welcom[ing] the Court's guidance with respect to this issue."

■ While I am reluctant to decide cases in which our intervention may possibly be rendered unnecessary by impending events, I am also loath to encourage a dilatoriness in settlement that has wasted a considerable amount of this court's time in the present case and, if viewed as a safe and acceptable course, will waste even more in the future. Steps-of-the-courthouse settlements should be encouraged on the steps of the courthouse, not after the parties have put the court to the trouble of reading briefs, hearing argument, deciding, and preparing opinions in the case. Where the parties conclude a settlement after that labor has been undertaken, the case is of course moot and must be dismissed. But it is in my view generally undesirable for the court to grant a discretionary stay of its process at that late stage, simply in order that a settlement may be considered. Parties should be on notice that once the matter is *sub judice* they are at risk of judg-

ment according to this court's estimation of what best promotes the interests of justice, including most prominently the court's own efficiency in the short and long term; and that they cannot await the additional data provided, perhaps, by the questioning at oral argument, or by the court's failure to issue a prompt summary affirmance, to get serious about settlement. Or at least, if they do so, they must *conclude* their settlement before judgment issues, and cannot count upon the court to stay its normal processes in order to give them additional time.

I would not make an exception to this rule for those settlements between private parties (one of which is normally the party challenging an agency license- or rate-approval, and the other the licensee- or utility-intervenor) that require the concurrence of an agency such as the FCC. (The situation is not unique to the FCC, though the FCC is the only agency I am aware of whose approval is needed even when the terms of the private parties' settlement require no adjustment in the agency action under review.) It is not inconceivable that agency staff personnel, foreseeing an adverse decision, are often the catalyst for private settlement—and I am no more anxious to encourage them than to encourage the parties to act late rather than early. This does not put the private parties who have for all practical purposes concluded a settlement in an intolerable bind: The agency's concurrence is *never* required for the appellant's dismissal of the suit, but only in order to enable delivery of the *quid pro quo* he has been promised by the intervenor for that dismissal. If the appellant is confident—as the appellant here purports to be—that agency approval is a mere formality, he can agree to dismiss the appeal (mooting the controversy before us) in exchange for the agency's agreement that it will upon dismissal reopen the proceeding in order to consider the private settlement. Or if, indeed, the agency has authority to approve settlement without remand of the case, that course could be

pursued. (I express no opinion whether such authority exists here, and think it improper to provide the legal advice on the point that the Commission invites; speaking for myself, I could take no offense at the Commission's exercise of any authority it asserts with reason and in good faith.)

I change my vote to join in the current disposition only because I believe the denial of remand in these circumstances should be followed by prompt issuance of the court's opinion, which has by now been rendered impossible here.