**BETHESDA LUTHERAN HOMES AND SERVICES, INC., et al., Plaintiffs–Appellants,**

v.

**Joseph LEEAN, et al., Defendants–Appellees.**

**Nos. 98–1405, 98–2046.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 12, 1998.

Decided Sept. 3, 1998.

---

Pamela J. Schmelzer (submitted), Madison, WI, for Plaintiffs–Appellants in No. 98–1405.

Edward S. Marion (submitted), Murphy & Desmond, Madison, WI, Pamela J. Schmelzer, Madison, WI, for Plaintiffs–Appellants in No. 98–2046.

Barbara J. Janaszek (submitted), Whyte, Hirschboeck & Dudek, Milwaukee, WI, for Defendants–Appellees.

Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.

POSNER, Chief Judge.

This appeal by the plaintiffs is a sequel to our decision reported at 122 F.3d 443 (7th Cir.1997), and familiarity with that decision is assumed. Briefly, the underlying suit was brought under 42 U.S.C. § 1983 by a nonprofit corporation (Bethesda Lutheran) that operates a residential facility for the mentally retarded in Jefferson County, Wisconsin, by three current residents of the facility, and by four prospective residents from out of state. The defendants, state and local Wisconsin officials and, of critical importance to the present appeal, a local government—Jefferson County, Wisconsin—were charged with violating these retarded persons' federal constitutional right to travel, and some of their federal statutory rights as well, by enforcing certain Wisconsin state laws and federal Medicaid regulations. The district court upheld the constitutionality of the state laws and federal regulations. We pointed out in our first opinion that insofar as the suit sought damages from a state official in his official capacity, it was barred by the Eleventh Amendment; but that the injunctive claim against him could proceed, as could the

claims, both legal and equitable, against the other defendants.

The plaintiffs who are current residents of Bethesda Lutheran's Watertown facility are classified by federal Medicaid regulations as residents of Illinois because that is where their parents lived when these plaintiffs were admitted to the facility. We noted in our previous opinion that, as Illinois residents, these plaintiffs would be entitled to Medicaid benefits from neither Wisconsin nor Illinois if the challenged regulations were valid. The plaintiffs who are prospective residents of the facility live either with their parents or, in one case, in a group home, all outside Wisconsin. The Wisconsin laws challenged in the suit prevented them from relocating to the Watertown facility, as they (or more likely their guardians) wanted to do.

■ We reversed the judgment of the district court, holding that both the state laws and the federal regulations were unconstitutional, and remanded the case for the entry of appropriate relief. The plaintiffs asked for and obtained injunctive relief, and that phase of the suit is over. They also sought damages from Jefferson County. The district court turned them down on the ground that while a county does not have the shield of the Eleventh Amendment, it cannot be held liable under section 1983 for acts that it did under the command of state or federal law. That at least is the position of this circuit, *Quinones v. City of Evanston*, 58 F.3d 275, 278 (7th Cir.1995); *Surplus Store & Exchange, Inc. v. City of Delphi*, 928 F.2d 788, 791–92 (7th Cir.1991), and also of the Sixth Circuit. *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir.1993). The Ninth Circuit held the contrary in *Evers v. County of Custer*, 745 F.2d 1196, 1203 (9th Cir.1984). The circuit split is discussed helpfully in *Caminero v. Rand*, 882 F.Supp. 1319, 1324–25 (S.D.N.Y.1995), except that the opinion erroneously classifies *Garner* with *Evers*. *Garner* merely distinguishes between the state's command (which insulates the local government from liability) and the state's authorization (which does not). That is entirely consistent with *Quinones* and *Surplus Store*.

■ Our position admittedly is anomalous from the standpoint of conventional tort law, in which obedience to a superior's orders is not a defense to liability. *Restatement (Second) of Torts* § 888 (1979). The logic of our position, as we explained in *Quinones*, is rooted in the principle (firmly established though often criticized, for example in Larry Kramer & Alan Sykes, "Municipal Liability Under § 1983: A Legal and Economic Analysis," 1987 *S.Ct. Rev.* 249) that a municipality is not vicariously liable under 42 U.S.C. § 1983 for the torts of its employees. *Monell v. Department of Social Services*, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The plaintiff who wants a judgment against the municipality under that statute must be able to trace the action of the employees who actually injured him to a policy or other action of the municipality itself. When the municipality is acting under compulsion of state or federal law, it is the policy contained in that state or federal law, rather than anything devised or adopted by the municipality, that is responsible for the injury. Apart from this rather formalistic point, our position has the virtue of minimizing the occasions on which federal constitutional law, enforced through section 1983, puts local government at war with state government.

■ In any event, the plaintiffs in this appeal do not question the circuit's position but instead argue that Jefferson County, fearful of the financial burden that the plaintiffs might have imposed on it had they been admitted to Bethesda's facility as residents of the county, acted of its own volition in denying them this status and not just under the compulsion of federal and state law. In support of this argument they cite statements by the director of the County's welfare department, who is one of the defendants. But the state of mind of local officials who enforce or comply with state or federal regulations is immaterial to whether the local government is violating the Constitution if the local officials could not act otherwise without violating state or federal law. The spirit, the mindset, the joy or grief of local officials has no consequences for the plaintiffs if these officials have no discretion that they could exercise in the plaintiffs' favor. "[M]unicipal liability

under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion); see also *West v. Waymire*, 114 F.3d 646, 651 (7th Cir.1997). That was the case in *Garner*, but not here. The injury of which the plaintiffs are complaining would have occurred regardless of the state of mind of the officials of Jefferson County, unless they had decided to disobey state and federal law that forbade the granting of Wisconsin residency to the individual plaintiffs—and it is the denial of Wisconsin residency that is the source of injury.

The plaintiffs' briefs insinuate, although unclearly, that the challenged laws were not a complete obstacle to their obtaining Wisconsin residency—that the County had discretion despite the laws to grant Wisconsin residency to at least some of the seven individual plaintiffs. But we said the opposite in our opinion—we said they were barred by the challenged laws—and while the plaintiffs are free (within the flexible limits of the law of the case doctrine) to ask us to reexamine our previous opinion in whole or in part, they have not done that. They ignore what we said, and argue the issue as if nothing germane had been said in that opinion. This is not acceptable practice, as we just had occasion to note in *Wilder v. Apfel*, 153 F.3d 799, 802–03 (7th Cir. 1998). Whatever the outer bounds of the law of the case doctrine, *unchallenged* determinations in a previous decision in the same case unquestionably bind the court in a subsequent appeal. *Schering Corp. v. Illinois Antibiotics Co.*, 89 F.3d 357, 358 (7th Cir.1996); *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C.Cir.1995); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C.Cir.1987).

AFFIRMED.