**Albertine KIRKSEY, Executor of the Estate of Curtis Kirksey, Plaintiff–Appellant,**

v.

**R.J. REYNOLDS TOBACCO COMPANY and Lorillard Tobacco Company, Inc., Defendants–Appellees.**

No. 98–3008.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 13, 1999.

Decided Feb. 25, 1999.

Richard D. Grossman (argued), Dannen, Crane, Heyman, & Simon, Santiago J. Echeveste, Chicago, IL, for Plaintiff–Appellant.

Michael P. Manly (argued), Jones, Day, Reavis & Pogue, George R. Dougherty, Grippo & Elden, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and COFFEY and EASTERBROOK, Circuit Judges.

POSNER, Chief Judge.

The plaintiff appeals from the dismissal, on the defendants' motion under Fed.R.Civ.P. 12(b)(6), of a personal-injury suit that she brought against two cigarette manufacturers as the executor of the estate of her husband, who, she alleges, smoked cigarettes manufactured by the defendants. The complaint, captioned "complaint for damages for wrongful death and emotional distress," charges that the defendants accelerated Mr. Kirksey's death from lung cancer by falsely advertising that their cigarettes were not addictive and by adding addicting agents to their cigarettes without informing him either that they were doing this or that cigarettes (with or without such agents) are addictive. Had it not been for these acts or omissions, the complaint alleges, Kirksey would have smoked less and lived longer.

The motion to dismiss claimed that the facts alleged in the complaint do not add up to a tort under Illinois law, which supplies the substantive law governing this diversity case. The motion characterized the plaintiff's claim as one of products liability or false advertising and argued that it was either preempted by federal law or barred by the cases interpreting Illinois' tort law. The plaintiff responded to the motion by arguing that her claim

is not susceptible to those labels or the analysis of the prior cases in light of the allegations that Defendant[s] deliberately tampered with the cigarettes which made them more dangerous than Plaintiff's decedent knew or could have known. Plaintiff further submits that her claim is a species

of intentional tort which cannot be easily cabined in the traditional civil wrong categories.

The plaintiff says that she was not "required at this stage of the litigation to specifically characterize or identify the legal basis of the claims in the complaint.... Rather, what Plaintiff is required to do at the initial pleading stage, and what Plaintiff has done, is to assert a colorable claim that has some factual support." The plaintiff renews these arguments in this court, the district judge having held that because the plaintiff had "fail[ed] to make any legal argument in support of any claim, her claims are waived." The plaintiff's essential contention is that in requiring her to specify the legal theory underlying her complaint, the judge violated Fed.R.Civ.P. 8(a)(2), which requires only that the complaint contain "a short and plain statement of the [plaintiff's] claim showing that the [plaintiff] is entitled to relief"—not a long-winded statement of legal theories replete with citations to cases or statutes. To require more, the plaintiff argues, would be inconsistent with the "notice pleading" philosophy of the civil rules.

■ Her characterization of Rule 8(a)(2) is correct. All that's required to state a claim in a complaint filed in a federal court is a short statement, in plain (that is, ordinary, nonlegalistic) English, of the legal claim. Form 9 in the forms appendix to the civil rules gives as an example, "On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway"; and Rule 84 states that the forms in the forms appendix "are sufficient under the rules and are intended to indicate the simplicity and brevity of statements which the rules contemplate." The courts keep reminding plaintiffs that they don't to have to file long complaints, don't have to plead facts, don't have to plead legal theories. E.g., *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998); *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir.1995); *Foulk v. Donjon Marine Co.*, 144 F.3d 252, 256 (3d Cir.1998). And the

plaintiff in this case heeded the advice: her complaint is admirably succinct.

■ Where the plaintiff has gone astray is in supposing that a complaint which complies with Rule 8(a)(2) is immune from a motion to dismiss. This confuses form with substance. Rule 8(a)(2) specifies the conditions of the formal adequacy of a pleading. It does not specify the conditions of its substantive adequacy, that is, its legal merit. Suppose the complaint had alleged that the defendants had violated Illinois or federal law by failing to obtain a license to manufacture cigarettes. The complaint would comply with Rule 8(a)(2), but, assuming no such license is required, it would be highly vulnerable to dismissal under Rule 12(b)(6). If the defendants filed a motion to dismiss in which they pointed out that there was no such licensing requirement, it would not be responsive of the plaintiff to say that she was not "required at this stage of the litigation to specifically characterize or identify the legal basis of the claims in the complaint." The defendants would have given reasons for dismissing the complaint despite its formal beauties, and she would have to give reasons against. Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response. In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so. *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir.1995); *Teumer v. General Motors Corp.*, 34 F.3d 542, 545–46 (7th Cir.1994); *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir.1994); *Brooks v. Ferguson–Florissant School District*, 113 F.3d 903, 905 (8th Cir.1997).

■ At argument the plaintiff's lawyer suggested that such a position is inconsistent with a proper regard for judicial creativity. It is true that a claim should not be dismissed out of hand just because it is so novel that it cannot be fitted into an existing legal category; to deny this would be to argue for

returning to the days of the forms of action, when every new claim had to be shoehorned into an existing writ because the issuance of new writs had been brought to a halt in order to curb the power of the writ issuer, the Lord Chancellor. 2 Frederick Pollock & Frederic William Maitland, *The History of English Law Before the Time of Edward I* 563–64 (2d ed.1968); J.H. Baker, *An Introduction to English Legal History* 51 (2d ed.1979). But a claim that does not fit into an existing legal category requires more argument by the plaintiff to stave off dismissal, not less, if the defendant moves to dismiss on the ground that the plaintiff's claim has no basis in law. The plaintiff has to show that while her claim has no basis in *existing* law, or at least the law's current pigeonholes, it lies in the natural line of the law's development and should now be recognized as a part of the law. It is absurd to suppose that it is a *sufficient* answer to a motion to dismiss— the end rather than the beginning of analysis—that although the plaintiff cannot identify an existing legal category for his claim, the categories of the law are not closed.

We imagine that the plaintiff's lawyer knows all this, that his problem is that he really cannot think of a viable legal basis for his client's claim, that he hopes that the current legal ferment in the world of tobacco litigation will brew him up a theory at some future date if only he can stave off immediate dismissal under Rule 12(b)(6).

The natural characterization of the claim is as one for the consequences of fraudulent advertising. Suppose that smoking cigarettes were so addictive that if a person smoked a single cigarette, he would be hooked for life; nothing could break him of the habit. And suppose that, knowing this, and knowing that no one would smoke his first cigarette who knew how addictive cigarette smoking is, cigarette manufacturers advertised cigarettes as being nonaddictive, or, knowing that people like Mr. Kirksey didn't realize that cigarettes were addictive, kept mum and by doing so enticed them to take the fatal first step. Suppose further that the addictive properties of cigarettes were not natural to tobacco or to the process of manufacturing cigarettes, but were added by the manufacturers surreptitiously during the process. In combination with the false advertising and the misleading silence, this would be a fraudulent device for getting people to buy more cigarettes. More precisely, it would be a component of the overall fraud, since unless the addictive properties of the product were denied or concealed, no one would buy cigarettes.

█ So characterized, the plaintiff's claim falls into a familiar tort category, that of fraud or deceit, cf. *In re Witt*, 145 Ill.2d 380, 164 Ill.Dec. 610, 583 N.E.2d 526, 531 (1991); *United States v. Dial*, 757 F.2d 163, 168 (7th Cir.1985), but it is a category that in the cigarette area has, though to an uncertain degree, been preempted by the federal cigarette labeling and advertising law. See Cigarette Labeling and Advertising Act, § 5(b), 15 U.S.C. § 1334(b); *Cipollone v. Liggett Group*, 505 U.S. 504, 527–29, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992) (plurality opinion); *Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 171 (5th Cir.1996). The plaintiff tries to skirt this pit by intimating that a new tort should be recognized for making food or related products addictive. But this doesn't make any sense without deception, and so we return to the possibly preempted fraud theory. Suppose that some people are doughnut addicts because they cannot resist food rich in sugar, even though it is bad for them, or at least for their physical health. Since sugar, and even doughnuts, are legal substances, the manufacturer could not be accused of wrongdoing if he advertised his doughnuts, even though by doing so he might be causing harm to some people's health. It might be different if he had jiggered the doughnut recipe to make it even more addictive than normal and failed to disclose this fact, though we cannot find any case adopting such a liability theory. But, good or bad, this too would be a fraud theory, and if the product were cigarettes rather than doughnuts the theory might well be·preempted by federal law.

█ Some states, though not Illinois (not yet anyway), *Barry Gilberg, Ltd. v. Craftex Corp.*, 665 F.Supp. 585, 596–97 (N.D.Ill.1987), recognize an animal called a "prima facie tort," a catchall for harmful intentional mis-

conduct that eludes the familiar categories. See, e.g., *Schmitz v. Smentowski*, 109 N.M. 386, 785 P.2d 726, 733–36 (1990); *Board of Education v. Farmingdale Classroom Teachers Ass'n, Inc.*, 38 N.Y.2d 397, 380 N.Y.S.2d 635, 343 N.E.2d 278, 284 (1975); *Restatement (Second) of Torts* § 870 (1979). But if one thing is certain, it is that if a particular state-law tort is preempted by federal law, it cannot be resuscitated by being given a new name. *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985); *Leu v. Norfolk & Western Ry.*, 820 F.2d 825, 830 (7th Cir.1987); *Brown v. Missouri Pacific R.R.*, 720 S.W.2d 357, 361–62 (Mo.1986).

We are straying from the main point, which is not that the plaintiff has failed to identify a legal basis for her claim, and not even that she has failed to try to do so in this court; it is that by failing to respond responsively to the motion to dismiss—by standing on her complaint as if, provided only that it complied with the formal requirements of Rule 8(a)(2), it was the last piece of paper she would have to file in the district court— she forfeited her right to continue litigating her claim.

AFFIRMED.