Steven M. **ANDREUCCI**, et al.

v.

The **CITY OF NEW HAVEN**, et al.

**Kenneth Goodale**

v.

**City of New Haven**, et al.

Nos. 3:94CV02179(PCD),
3:96CV201(PCD).

United States District Court,
D. Connecticut.

March 29, 1999.

Igor I. Sikorsky, Jr., Law Offices of Igor I. Sikorsky, Jr., Wethersfield, CT, for Steven M. Andreucci, John P. Ryan, Jr., Thomas Gould, William Seward, James Stacy, William Integlia, Jr., John F. Longo, Boris Starzyk, Kenneth Goodale, plaintiffs.

Martin S. Echter, Deputy Corp. Counsel, Office Of Corporation Counsel, City Of New Haven, New Haven, CT, for City of New Haven, New Haven Fire Dept., Board of Fire Commissioners, Thomas O'Dea, Pres, William C. Celentano, Jr., Milton J. Lurie, Robert O'Neill, Virginia Wells, Earl Geyer, defendants.

*RULING ON MOTIONS FOR
SUMMARY JUDGMENT*

DORSEY, District Judge.

Defendants move for summary judgment in these consolidated cases. Plaintiffs seek summary judgment in the lead action.

**I. BACKGROUND**

Familiarity with the facts underlying this dispute is presumed. Generally,

plaintiffs are white New Haven firefighters who allege that their constitutional rights were violated when their promotions were vacated as a result of a state lawsuit invalidating the promotional procedures because they violated the city charter and civil service regulations. The trial court's ruling was sustained by the Appeal Court and the Connecticut Supreme Court. *New Haven Firebird Society et al vs. The Board of Fire Commissioners of New Haven, et al*, 32 Conn.App. 585, 630 A.2d 131, *cert. den.*, 228 Conn. 902, 634 A.2d 295 (1993). Plaintiffs claim that the invalidation of their promotions violated 42 U.S.C. § 1981 and Title VII because it was based on their race and skin color. Plaintiff Goodale also claims deprivation of a property right under 42 U.S.C. § 1983.

Since filing this action, all plaintiffs have either been promoted or have retired. Thus, money damages are the only remaining relief sought. In a related action, *Andreucci v. City of New Haven*, Civ. No. 3:94CV2178, judgment was granted for defendants pursuant to a summary judgment motion.

## II. DISCUSSION

### A. Standard of Review

Summary judgment shall be granted when "the pleadings, depositions, . . . and admissions on file, . . . show that there is no genuine issue as to any material fact and that the moving parties are entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Movant must make this showing. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505. A factual issue is "material" if it "might affect the outcome of the suit under the governing law. . . ." *Id.* All reasonable inferences must be drawn in favor of the nonmoving party. *Id.* at 255, 106 S.Ct. 2505.

■ First, defendants argue that *res judicata* and collateral estoppel preclude plaintiffs from claiming they were demoted, which is a necessary predicate to their Title VII claims. Indeed, a fundamental underpinning to plaintiffs' claim for relief, that they were lawfully promoted and thus were harmed when the promotions were vacated, has been decided against them. "The state court decisions made clear that plaintiffs never had any legitimate claim of entitlement to their former positions under state law, as their promotions were held to be unlawful from the start. See Ruling on Motion for Summary Judgment, *Andreucci v. New Haven*, Civ. No. 3:94CV2178, at 3. This court cannot redecide an issue already decided by the state court and this court in a related action. See Ruling on Motion for Preliminary Injunction, id. at 3; *see also In re Juvenile Appeal*, 190 Conn. 310, 316, 460 A.2d 1277 (1983)("Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim.") (internal citations omitted). For this reason, summary judgment is granted to defendants on plaintiff Goodale's Section 1983 claim based on deprivation of a property right. See Ruling on Motion for Summary Judgment, *Andreucci v. New Haven*, Civ. No. 3:94CV2178.

Title VII, 42 U.S.C. § 2000e–2(a)(2), provides that it shall be unlawful for an employer "to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

■ To prove their disparate impact claim, plaintiffs must show that the facially neutral employment practice had a significantly discriminatory impact. *Connecticut v. Teal*, 457 U.S. 440, 446–47, 102 S.Ct.

2525, 73 L.Ed.2d 130 (1982). Defendant must then rebut by showing that "any given requirement [has] a manifest relationship to the employment in question." *Id.* Plaintiff responds by demonstrating that the employer was using the practice as a mere pretext for discrimination. *Id.* Title VII specifically excludes employment practices that are "pursuant to a bona fide seniority or merit system." 42 U.S.C. § 2000(e)(2)(h).

Plaintiffs argue that they did nothing "illegal" and were "innocent victims of a racially motivated squabble." Plaintiff's Memorandum in Support, at 3. Plaintiffs argue that it is undeniable that defendants' actions underlying this complaint are racially motivated and that all rationally motivated actions are suspect. Plaintiffs essentially argue that if it were not for the illegal promotion practices that defendants utilized in the first place, plaintiffs would never have been injured. Plaintiff generally invokes the proposition that courts have broad authority under Title VII to remedy unlawful discrimination, including reinstatement and retroactive seniority. *See Zipes v. Trans World Airlines,* 455 U.S. 385, 399–400, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Walters v. City of Atlanta,* 803 F.2d 1135 (11th Cir.1986) (white male denied director position based on race ordered reinstated by district court).

█ Plaintiffs present no evidence or legal authority to show how an illegal employment practice that adversely affected minority New Haven firefighters and was found unconstitutional under state law and defendants' compliance with a court order to undo the discriminatory effects of this practice by vacating the promotions, entitles them to relief under Title VII or Section 1981. A proper motion for summary judgment having been made, plaintiffs' must respond by pointing to evidence, not just the allegations of pleadings, demonstrating a genuine issue of material fact as to the viability of their claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. 2505.

The state appellate court in the *Firebird* case held that "a limitation on the life of an eligibility list represents a well-established policy of the merit system." *New Haven Firebird Society v. Board of Fire Comr's of City of New Haven,* 32 Conn.App. 585, 589, 630 A.2d 131 ( 1993). The promotional process for New Haven firefighters has been rigorously tested by virtue of the state litigation and clearly meets the bona fide seniority or merit system exemption from Title VII coverage. Additionally, defendants persuasively point out that the actions of which plaintiff's complain were not the result of a discretionary employment practice of defendants but rather compliance with a state court ruling invalidating a discriminatory employment practice. That plaintiffs claim relief under these circumstances misconstrues Title VII. The cases they cite in support have no relevance to the situation here.

As plaintiffs' have failed to meet their burden, their motion is denied and defendants' motions for summary judgment are **granted.**[1]

## III. CONCLUSION

Defendants' Motions for Summary Judgment (docs. 81 and 83) are **granted.**

1. Plaintiff Goodale argues that he should not suffer the same fate as plaintiffs in the lead case because his case is "replete with factual allegations about racial motives in the actions of the employees of the City of New Haven." Goodale Memorandum Re Summary Judgment at 1. However, "the state of mind of local officials who enforce or comply with state or federal regulations is immaterial to whether the local government is violating the Constitution if the local officials could not act otherwise without violating state or federal law. The spirit, the mindset, the joy or grief of local officials has no consequences for plaintiffs if these officials have no discretion that they could exercise in plaintiffs favor." *Bethesda Lutheran Homes v. Leean,* 154 F.3d 716, 718 (7th Cir.1998). Regardless of the alleged actions or statements of fire department officials prior to the 1992 state court decision, for which plaintiff provides no admissible proof in any event, his promotion to Captain was invalidated in that decision as well, and his claims fail for the same reasons.

Plaintiff's Motion for Summary Judgment (doc. 73) is **denied.** The Motion to Extend Time (doc. 80) is **denied** as moot. The clerk shall close the files.

SO ORDERED.