WOOD, Chief Judge,
concurring in the judgment.
I agree with my colleagues that David Snyder’s suit against the Co-Directors of the Indiana Election Division (the State Defendants) and the named members of the St. Joseph County Voter Registration Board (the County) must be rejected as a matter of law. My path to that conclusion is, however, somewhat different from theirs. I agree with them that Snyder’s suit against the State Defendants was properly dismissed on sovereign immunity grounds. Indeed, as they point out, ante at 244-45, that conclusion appears to be unchallenged on appeal. With respect to the County (and the named defendants in their official capacity, which amounts to the same thing), I would stop with the majority’s observation at the bottom of page 10 that “[t]he operative complaint in this case is devoid of any remotely specific allegation that a county-wide policy or custom caused Snyder’s harm.” In other words, the reason Snyder fails is not because a claim was impossible under the state and county laws governing voter registration; it is because Snyder failed to plead the correct causes of action.
*251 Monell v. Dep’t of Soc. Servs. held that municipalities and counties qualify as “persons” for liability under 42 U.S.C. § 1983, 436 U.S. 658, 663, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); states do not, according to Will v. Mich. Dep’t of State Police, 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Entities do not lose their status as “persons” because of rulings on the merits. It is thus important to recognize, as I believe the majority does, ante at 244-45, that even though a county “cannot be held liable under section 1983 for acts that it did under the command of state or federal law,” Bethesda Lutheran Homes and Servs., Inc. v. Leean, 154 F.3d 716, 718 (7th Cir.1998), that is not because the county somehow loses its status as a “person” in such a situation. It is because there is no county policy that is driving the county to act in a certain way. The latter is a point on the merits, not a point about which kinds of entities fall within the scope of the statute.
Having recognized that the County is subject to suit under § 1983, the majority turns to the details of Snyder’s complaint. It rejects the idea that Snyder could have been complaining about the way in which county officials were implementing Indiana’s statutory scheme for temporary disenfranchisement of convicted criminals. But as I read his complaint, that is exactly what he is doing: he believes that state law leaves enough discretion with the local authorities to permit a valid claim against the County under Monell. Snyder argues that state law merely gives county officials the authority to cancel the voter registration of someone in his position (a convicted misdemeanant), and that it does not compel them to take this step. All that Ind. Code 3-7-46-1 says is that counties must remove voters who are disenfranchised because of a “criminal conviction.” The statute does not constrain them further, and so, Snyder argues, a county could decide that a threshold of seriousness must be passed before something as drastic as the loss of the right to vote takes place. The usual such threshold would be the line between misdemeanors and felonies. See Compl. ¶¶ 9, 10, for places in which Snyder explains that this is where he finds the County’s discretion. Paragraph 10, in fact, alleges that the State Defendants “advised” all county officials that all criminals — felons and misdemeanants alike— should be disenfranchised, not that they ordered this result.
Essentially, Snyder is making a legal point about the Indiana statute. Our review of the law is de novo, and it lies comfortably within the authority of the district court to dismiss a complaint for failure to state a claim upon which relief can be granted. With the contribution of the Supreme Court of Indiana in this very case, Snyder v. King, 958 N.E.2d 764 (Ind. 2011), they conclude that the governing Indiana statutes operate to require the temporary disenfranchisement of any person incarcerated after any criminal conviction. Under that understanding of Indiana law, Snyder’s complaint was properly dismissed under Federal Rule of Civil Procedure 12(b)(6). It was not moot, however. I believe that my colleagues also find no mootness, since they conclude at the end that Snyder “has failed to state a claim against the County defendants,” ante at 250. (If it were moot, then the dismissal would have to be under Rule 12(b)(1), for lack of subject-matter jurisdiction.)
I am not thoroughly convinced that Indiana law restricts the County so strictly that there is no room left for a genuine county-level policy in this area that can be evaluated under Monell. Nor is it crystal-clear to me that any attempt to replead this case would be doomed. But the district court has substantial discretion on the latter point, and Snyder’s complaint does *252 not do a good job of explaining exactly what discretion he thinks the County retains. For these reasons, I concur in the judgment.