# Supreme Court of Texas

No. 24-0206

Megatel C90-2, Inc., Armin Afzalipour, and Megatel Homes, LLC
f/k/a Megatel Homes, Inc.,

*Petitioners*,

v.

Bank of Utah,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

JUSTICE SULLIVAN, joined by Justice Busby, concurring.

"Our system of justice is adversarial, and our judges are busy people." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (Posner, J.).  That's certainly true of our Court, which sees over a thousand new additions to its docket each year.  In this case, as in three unrelated cases, the petitioners settled their dispute after they

filed a petition for review of the judgment below, but before our Court could rule.[1]

Now that the lower-court losers have given up, we're on to the next petition, right? Not so fast. In each of these four cases, parties on both sides of the < *v.* > have filed a joint motion asking us to vacate the opinion that the court of appeals already wrote to explain the judgment it already rendered. *Cf.* William Baude, *The Judgment Power*, 96 GEO. L.J. 1807, 1844 (2008) ("Opinions merely explain the grounds for judgments, helping other people to plan and order their affairs."). Our receipt of four such requests warrants a few extra pages in the *South Western Reporter 3d*.

In my view, litigants shouldn't assume they can trade away judicial work product so late in the process. "Steps-of-the-courthouse settlements should be encouraged on the steps of the courthouse, not after the parties have put the court to the trouble of reading briefs, hearing argument, deciding, and preparing opinions in the case." *Las Misiones De Bejar Television Co. v. FCC*, 772 F.2d 979, 980 (D.C. Cir. 1985) (Scalia, J.). Our colleagues on Texas's fifteen courts of appeals are busy people, too. I fear we will squander much of their taxpayer-funded time—and some of our own[2]—if we routinely reward belated haggling of the kind seen here.

---

[1] *See also Extreme Tactics & Sols., LLC v. Garcia*, No. 24-0954 (Tex.); *ETC Tex. Pipeline, Ltd. v. XTO Energy, Inc.*, No. 24-0987 (Tex.); *Sunoco Pipeline, L.P. v. Mobil Pipe Line Co.*, No. 25-0063 (Tex.).

[2] Consider this *Megatel* case: A petition for review was filed here on June 21, 2024. *See* TEX. R. APP. P. 53.1. After reviewing the petition, our Court requested a response on August 2, 2024. That response was filed on

So it makes sense to deny these four motions for vacatur of the opinions below. That's what our federal-court counterparts would do, and then some. But don't take my word for it. Justice Scalia, writing for his Court in its seminal treatment of *Munsingwear* vacatur, proclaimed that "mootness by reason of settlement does not justify vacatur of a judgment under review," though "exceptional circumstances may conceivably counsel in favor of such a course." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) (explaining the equitable origins of *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)). Leading treatises nod in agreement. *See, e.g.*, 13C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3533.10.2, at 619 (3d ed. 2008) ("If settlement is reached after entry of the decision on the merits of the appeal, settlement ordinarily should not be the occasion for vacating opinions or judgment.").

Our Court has charted a somewhat different vacatur path over the years, but we're trending toward *Bancorp*'s approach to the mootness-through-settlement issue. *See Morath v. Lewis*, 601 S.W.3d

---

October 14, 2024, followed by a reply on January 2, 2025. But a few weeks later, the petitioners and the respondent filed a "Joint Motion to Dismiss Appeal Pursuant to Settlement." *See* TEX. R. APP. P. 56.3. We studied that motion, along with all the petition-for-review-stage briefing, and then "request[ed] that the parties file . . . supplemental briefing regarding their request to vacate the court of appeals' opinion." The parties obliged, and we took up all of the foregoing papers at our Conferences of March 4, 2025, and April 1, 2025. All this for a case where the parties privately agreed months ago to stop paying their able counsel for prolonged litigation. The bottom line is that motions like these can impose significant demands on "the Court *and* its dedicated staff." *DFPS v. N.J.*, 644 S.W.3d 189, 193 n.2 (Tex. 2022) (emphasis added).

3

785, 789–92 (Tex. 2020) (per curiam) (citing *Bancorp* with approval).[3] Around 1993, we ended our practice of vacating an opinion below whenever the settling parties requested such relief. *See Houston Cable TV, Inc. v. Inwood W. Civic Ass'n*, 860 S.W.2d 72, 73 & n.4 (Tex. 1993) (per curiam) (announcing that we "recently adopted a procedure" that "reflects a change"). Our treatment of settled cases is now governed by Rule 56.3, which we promulgated in 1997 and amended in 2002.

That rule "provides a default presumption against vacatur of the opinion for cases that have been mooted by settlement." *Morath*, 601 S.W.3d at 790. The pertinent text of Rule 56.3 reads as follows:

> If a case is settled by agreement of the parties and the parties so move, the Supreme Court *may* grant the petition if it has not already been granted and, without hearing argument or considering the merits, render a judgment to effectuate the agreement. The Supreme Court's action *may* include setting aside the judgment of the court of appeals or the trial court without regard to the merits and remanding the case to the trial court for rendition of a judgment in accordance with the agreement. ... *[T]he Supreme Court's order does not vacate the court of appeals' opinion unless the order specifically provides otherwise.* An agreement or motion cannot be conditioned on vacating the court of appeals' opinion.

TEX. R. APP. P. 56.3 (emphases added). The vacatur choice is ours to make, in other words, and we will grant that "discretionary equitable remedy" only after "carefully scrutiniz[ing] parties' attempts to

---

[3] One big difference persists, for reasons that warrant further study but have eluded me so far: "Unlike in federal practice, ... Texas practice contemplates that a court of appeals' judgment may be vacated without also vacating the corresponding opinion." *Morath*, 601 S.W.3d at 790.

4

manipulate judicial precedent by settlement." *Morath*, 601 S.W.3d at 791 (citing *Bancorp*, 513 U.S. at 27–28).

We appear to have done so just twice, at most. In one case, we vacated the opinion below in the wake of a settlement "[b]ecause the State was not a party to the settlement and the issues presented may be of consequence in other contexts." *Brazos River Auth. v. City of Houston*, No. 21-0642, 2022 WL 4099236, at *1 (Tex. Sept. 2, 2022). In the other, we simply "remand[ed] . . . to the court of appeals for consideration of the parties' request that the court withdraw its opinion." *Farley v. Miranda*, No. 22-0113, 2023 WL 2358183, at *1 (Tex. Jan. 13, 2023).

That's a short list, and it ought to stay that way. I see nothing in the four motions before us that would justify adding to the list by granting "the extraordinary remedy of vacatur" to parties who voluntarily forfeited their right to appellate review. *Bancorp*, 513 U.S. at 26. Doing so would invite gamesmanship, "disturb the orderly operation of [our] judicial system," and possibly "*deter* settlement at an earlier stage." *Id.* at 27–28. And "[i]sn't there something unseemly about letting repeat players 'buy up' judgments that they dislike by settling cases pending on appeal and seeking vacatur?" RICHARD H. FALLON, JR. ET AL., HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 205–06 (7th ed. 2015); *cf.* William F. Young, Jr., *Book Review*, 32 TEX. L. REV. 483, 484 (1954) (reviewing first edition of HART & WECHSLER) ("It is clear, is it not, that some of these question marks are gratuitous?").

I am pleased to concur, therefore, insofar as the Court denies vacatur of these four opinions from the courts of appeals. Going forward,

5

I hope we'll see fewer motions of this sort. "While settlement is to be encouraged, a private agreement between litigants should not operate to vacate a court's writing on matters of public importance." *Houston Cable TV*, 860 S.W.2d at 73.

James P. Sullivan
Justice

**OPINION FILED:** May 16, 2025

6