UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 21, 2006
Decided December 18, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2517

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 05 CV 218 |
| BROADSPIRE SERVICES, INC., <br> *Defendant-Appellee*. | James B. Moran, <br> *Judge*. |

**O R D E R**

Argonaut, an insurance company, sued Broadspire, a claims management company, alleging that Broadspire violated its contractual obligation not to provide services to Argonaut's clients that choose not to renew their insurance contracts. The district court granted Broadspire's motion to dismiss for failure to state a claim. We now reverse and remand in order to permit discovery to go forward.

The contract in question was executed on January 23, 2003 by Argonaut, Lumbermen's Mutual Casualty Company and American Manufacturers Mutual Insurance. Both Lumbermen's and American Manufacturers were Kemper Insurance companies. At the time, Broadspire was named NATLSCO and was a subsidiary of Lumbermen's. NATLSCO was not a signatory to the contract, only its parent.

Under the contract, Argonaut purchased the renewal rights to a collection of insurance policies from the Kemper companies.  The contract included a section titled "NATLSCO" that obligated NATLSCO to provide claims services to various Argonaut clients and imposed price controls for those services.  The section also required that "the Sellers" (referring to Lumbermen's and American Manufacturers) would not "provide NATLSCO Claim Services" to any Argonaut clients that switched their coverage to competing carriers.  Additionally, NATLSCO was a signatory to a subsequent contract that defined its obligations to provide claim services to another set of Argonaut's clients.  This later agreement was referenced by the contract in question and was attached to it.

In July 2003, NATLSCO was sold to Platinum Equities LLC, which changed NATLSCO's name to Broadspire.  In December 2004, one of Argonaut's clients chose not to renew its contract and instead contracted with a rival company.  Broadspire, however, continued to provide claim services to the client.  After Broadspire refused to cease its services to the former client despite Argonaut's requests, Argonaut sued on January 13, 2005.

In its complaint Argonaut alleged that NATLSCO, and thus Broadspire, was bound by the initial agreement signed by its parent.  In the alternative, Argonaut alleged that NATLSCO's parent assigned its obligations to Broadspire or that Broadspire assumed those obligations.

The district court dismissed Argonaut's complaint for failure to state a claim. It determined that the use of "the Sellers" made the contract plain on its face that only Lumbermen's and American Manufacturers were prohibited from providing NATLSCO's services to Argonaut's former clients—NATLSCO was free to do as it pleased once it was no longer under the control of its contractually-bound parent.

We review the district court's grant of Broadspire's motion to dismiss de novo.  *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 817 (7th Cir. 2006); *Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004).  We accept as true all well-pleaded factual allegations and make all possible inferences from those allegations in favor of Argonaut.  *See County of McHenry*, 438 F.3d at 817; *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).  We affirm only if it appears beyond a doubt that Argonaut cannot prove any set of facts in support of its claim that would entitle it to relief.  *See County of McHenry*, 438 F.3d at 817; *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004).  The issue is not whether Argonaut will ultimately prevail but whether it is entitled to offer evidence in support of its claims.  *See Cole*, 389 F.3d at 724.

Here, if we take as true the allegations of Argonaut's complaint, we cannot conclude that Argonaut could not prove any set of supporting facts which would

entitle it to relief.  It has alleged that NATLSCO was bound by the initial agreement, and neither the complaint nor the attached contract are clear on their face as to whether NATLSCO was bound.  Discovery might reveal that its parent had the power to bind it in just such a way.  Moreover, Argonaut has alleged facts regarding NATLSCO's behavior post-contract and Broadspire's behavior post-acquisition, and Argonaut claims that this behavior evinces either an original intent to be bound or an adoption of the contract.  Finally, Argonaut alleges that any obligations of NATLSCO or its parent were assigned to Broadspire.  Discovery might bear out facts that would allow recovery on any of these theories.

We also note that the Federal Rules of Civil Procedure require only notice pleading, and Argonaut has pleaded all that is necessary to be entitled to the inferences afforded to complaints on motions to dismiss.  *See Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006).

Argonaut is at least entitled to discovery on its allegations.

REVERSED AND REMANDED.