NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2007[*]
Decided April 11, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4147

| | |
|---|---|
| ANDREA HEATH, STEVEN HEATH, and LAST CALL FOR GOD'S LOVE MINISTRY, <br>     *Plaintiffs-Appellants,* <br><br>     *v.* <br><br> CITY OF HARVEY, BRENDA THOMPSON, and NICHOLAS GRAVES, <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 03 C 1097 <br><br> Samuel Der-Yeghiayan, <br> *Judge.* |

### O R D E R

Appellants, all of whom own property in Harvey, Illinois, sued the City and two of its former officials, Brenda Thompson and Nicholas Graves, alleging that they conspired to deprive the appellants of their property and retaliated against

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

them for publicly opposing the City. They now contest a series of interlocutory rulings culminating in an entry of judgment against them. We affirm.

After two and a half years of delays, nonappearances, and lack of prosecution, this lawsuit picked up its pace in July 2005, when the City moved to disqualify appellants' newest attorney because he had previously worked for the City. Appellants quickly denied any conflict of interest, but the district court did not immediately rule. A month later the City, Thompson, and Graves filed motions for summary judgment. On the eve of the deadline for their response, appellants requested more time, arguing that the motions were too long and complex for them to timely respond. They reminded the court that the motion to disqualify counsel was still pending, and said that, as a result of that motion and the complexity of the issues, they had retained additional attorneys who would need another forty days to familiarize themselves with the case.

In one fell swoop, the district court denied the City's motion to disqualify appellants' counsel, denied appellants' motion for an extension of time, and granted summary judgment in favor of the City, Thompson, and Graves. In denying the appellants' motion for extra time, the judge explained that he was unsympathetic to their last-minute request because for more than three months they had been aware of the deadline, which he had made clear was firm. He also said that the issues at summary judgment were not so complex as to require additional attorneys, nor to prolong the already protracted litigation.

Appellants sought reconsideration of the court's rulings, arguing for the first time that they were unable to respond to the summary judgment motions because their attorney was unsure whether he would be disqualified, and that the district court should have *sua sponte* stayed the proceedings while the motion to disqualify was pending. Appellants also informed the court that they had not been able to complete discovery because the City had failed to produce witnesses for depositions scheduled in late July.

After construing the appellants' motion as one under Rule 59(e), the district court rejected the appellants' *post hoc* justifications, finding that their failure to timely respond was their own fault and "part of a pattern of a lack of diligence and delays." Concluding that appellants had not presented any newly discovered evidence nor a manifest error of law or fact, *see County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006), the court denied the motion. The court also explained that if the appellants needed more time for discovery, they should have filed a Rule 56(f) affidavit explaining why. *See Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006).

Appellants now assert that the district court erred by not ordering a stay while the motion to disqualify was pending. But they waived this argument both by failing to cite to any legal authority, *see Blise v. Antaramian*, 409 F.3d 861, 866 n.3 (7th Cir. 2005), and by failing to present the argument to the district court until they filed their Rule 59(e) motion, *see Estremera v. United States*, 442 F.3d 580, 587 (7th Cir. 2006). Anyway, if they wanted a stay, it was their responsibility to file a motion and explain why. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Appellants also assert that they were denied due process by the City's failure to produce witnesses for scheduled depositions, and that the district court erred by not granting Rule 59(e) relief based on the missed depositions. But appellants suffered no constitutional deprivation; they could have filed a Rule 56(f) affidavit to extend the time for discovery, s*ee Deere & Co.*, 462 F.3d at 706; *see Woods v. City of Chicago*, 234 F.3d 979, 990-91 (7th Cir. 2000), or a Rule 37(a) motion to compel the depositions, *see In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006). As the district court noted, the failure to do so was their error alone.

Finally, appellants argue that, in not ruling swiftly on the motion to disqualify counsel, the district court deprived them of their constitutional rights to due process and effective assistance of counsel. But appellants waived this argument both because they cite no relevant legal authority, *see Blise*, 409 F.3d at 866 n.3, and because they never argued it before the district court, *see Republic Tobacco Co., v. N. Atlantic Trading Co.*, 381 F.3d 717, 728 (7th Cir. 2004).

AFFIRMED.