**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 13, 2010[*]
Decided July 13, 2010

*By the Court:*

No. 09-1345

| | |
|---|---|
| RON HADDAD, JR., | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 07 C 6715 |
| RIVER FOREST POLICE | |
| DEPARTMENT, et al., | Ruben Castillo, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Ron Haddad, Jr., brought a federal lawsuit against the River Forest Police Department, the Village of River Forest, and Whole Foods Market, Inc. His claims are difficult to understand; in disjointed fashion, he alleged that the River Forest police failed to respond to threatening phone calls he received; that River Forest improperly increased local taxes; and that the local Whole Foods store banned him from the premises. The district court dismissed the suit sua sponte on grounds that it could not discern a federal claim from Haddad's complaint.

On appeal, Haddad asserts that the district court did not substantiate its ruling. But the court explained that it dismissed his amended complaint for failing to allege a federal claim. Haddad devotes much of his lengthy appellate brief to narrating allegations similar to those from his amended complaint, but he does not attempt to identify any federal

---

[*] The defendants-appellees are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. FED. R. APP. P. 34(a)(2)(C).

claims. Even applying the liberal standards applicable in pro se cases, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), we cannot ascertain a cogent argument in Haddad's brief and agree with the district court that the complaint failed to state a claim under federal law, *see Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

Haddad also obliquely urges for the first time that the defendants' "hypocritical corruption" violated his Fourteenth Amendment right to due process and equal protection, but issues raised for the first time on appeal are waived. *See County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819-20 (7th Cir. 2006).

AFFIRMED.