**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted August 17, 2011[*]
Decided August 17, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1747

| | |
|---|---|
| KELLIS DJON JACKSON, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 10-cv-193-wmc |
| | |
| CAROL HOLINKA, | William M. Conley, |
| *Respondent-Appellee*. | *Judge*. |

**ORDER**

Kellis Jackson, a federal inmate, appeals from the denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2241, contending that the United States Parole Commission incorrectly determined his parole eligibility and thereby unlawfully extended his incarceration. Finding that the Commission properly applied federal regulations, we affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

Jackson has been incarcerated since 1987 for committing two kidnappings. One kidnapping occurred in Arlington, Virginia, and the other occurred within the D.C. city limits. For the Arlington kidnapping, he was sentenced to 35 years' imprisonment under the United States Code for kidnapping with intent to ransom, 18 U.S.C. § 1201(a)(1), and obstruction of justice, 18 U.S.C. § 1512. For the separate kidnapping in the District of Columbia, he received a consecutive sentence of 45 years under the D.C. Code. D.C. CODE § 22-2101 (1981).

The parole process for Jackson occurred in two stages: first, for the federal sentence and second, for the D.C. sentence. In June 2000, the Commission held its initial hearing to calculate the number of months he must serve for the U.S. Code sentence, his "federal time." *See* 28 C.F.R. § 2.65. Using the federal guidelines, the Commission calculated a parole guidelines range of at least 276 months(with no upper bound). *See id*. § 2.20. The Commission concluded that Jackson's federal time should be 280 months, the statutory maximum. *See id*. § 2.65(d) (federal time for parole eligibility may not exceed two-thirds of the federal sentence).

In January 2010, the month before Jackson's federal time expired, the Commission held a hearing to determine whether Jackson was suitable for parole from the D.C. portion of his sentence based on the District's parole regulations, D.C. MUN. REGS. tit. 28, § 204 (1987). *See also* 28 C.F.R. § 2.65(e). The Commission determined, based on Jackson's age, criminal history, and prior commitments, that he was in the "high risk" category of inmates. Applying the D.C. guidelines further, the Commission considered that Jackson committed a violent crime, displayed negative institutional behavior, but showed some program achievement. Based on these factors, the Commission denied parole. *See* D.C. MUN. REGS. tit. 28, § 204.19-20 (1987).

Jackson then filed his petition for writ of habeas corpus. His arguments have varied at different stages of the litigation, but the one claim that he has preserved for this appeal is that the Commission impermissibly used 28 C.F.R. § 2.65 to postpone the hearing on, and determine his eligibility for, parole under the D.C. Code. Section 2.65 governs parole release for prisoners, like Jackson, serving aggregated sentences under both the United States and District of Columbia Codes. He argues that § 2.65 should not apply to him because, he says, it was declared invalid in *Thomas v. Brennan*, 961 F.2d 612 (7th Cir. 1992). According to Jackson, the Commission should have decided his parole under a different regulation, 28 C.F.R. § 2.12(a), which he believes would have required a hearing within ten years of his imprisonment.

The district court denied the petition. It first rejected claims that Jackson does not renew here, such as his contention that the Commission violated the *Ex Post Facto* Clause

when it determined Jackson's parole eligibility. The court also concluded that the Commission correctly scheduled the date of Jackson's D.C. parole hearing based on 28 C.F.R. § 2.65. It observed that the regulation that Jackson wanted the Commission to use, § 2.12(a), by its own terms applies only to prisoners who are serving purely federal sentences. Finally, the court rejected Jackson's reading of *Thomas*; that decision, the court said, only invalidated portions of the predecessor to § 2.65, previously codified at § 2.66, and those provisions were not applied to Jackson because they have been repealed.

Jackson then moved to alter the judgment, FED. R. CIV. P. 59(e). As it relates to this appeal, the motion maintained that § 2.65 is invalid under *Thomas*. The court denied the motion, observing that Jackson offered no good reason to adopt his reading of *Thomas*.

On appeal Jackson argues that the district court erred when it decided that 28 C.F.R. § 2.65 is valid in light of our decision in *Thomas*. Jackson interprets *Thomas* to hold that federal regulations governing when an inmate has completed a federal sentence may not affect the scheduling of a parole hearing on the portion of a sentence under the D.C. Code. But in *Thomas* we invalidated only a regulation that required the Commission to apply a federal standard, 28 C.F.R. § 2.20, when deciding if a prisoner is eligible for parole on the D.C. portion of a mixed sentence. 961 F.2d at 618. This violated the principle that D.C. parole guidelines should be applied to a prisoner's sentence under the D.C. Code, *see* 28 C.F.R. § 2.65(b); *Thomas*, 961 F.2d at 618-19. In Jackson's case, § 2.65(e) did delay his D.C. parole hearing until after the expiration of his federal time, *see* 28 C.F.R. §2.65(e). But we specifically approved this situation in *Thomas*, 961 F.2d at 618, holding that postponing the D.C. parole hearing until the expiration of federal time is permitted in order to give due regard to the federal scheme. *Id.* Accordingly, Jackson's attack on § 2.65(e) fails.

Jackson next argues that, even if § 2.65 is valid under *Thomas*, his parole hearing on his D.C. sentence should have occurred in 1997, not 2010. He cites a 1994 Policy Guideline of the Federal Bureau of Prisons, which requires that the parole eligibility date on a mixed sentence generally not exceed ten years from the date of confinement. *See also Chatman-Bey v. Meese*, 797 F.2d 987 (D.C. Cir. 1986). But when an inmate's federal time extends beyond the parole eligibility date, the Commission is not required to hold a hearing on the D.C. portion of a mixed sentence until four months prior to the expiration of federal time. 28 C.F.R. § 2.65(e); *Thomas,* 961 F.2d at 618. Here, Jackson's federal time extended until June 2010, so his January 2010 hearing on the D.C. portion of his sentence was not untimely.

Jackson lastly argues several points that he never raised before this appeal. He argues for instance, that his parole guideline range of at least 276 months was excessive; that calculating parole separately for the sentences under the United States and District of Columbia Codes results in an unfair "double-counting" of his criminal history; and that he

has a constitutional right under the Due Process Clause to parole and release from custody. But none of these arguments was raised or developed before the district court, and we will not consider them for the first time on appeal. *County of McHenry v. Insurance Company of the West*, 438 F.3d 813, 819-820 (7th Cir. 2006). Insofar as Jackson did allude to these arguments in the district court, he did so only in his motion to alter the judgment under Rule 59(e), which was too late in the proceedings to be preserved. *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010); *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

The judgment of the district court is AFFIRMED.