NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 11, 2011
Decided August 30, 2011

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

JOAN HUMPHREY LEFKOW, *District Judge*[*]

No. 10-3099

| | |
|---|---|
| CORY W. GOECKS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District |
| | of Wisconsin. |
| *v.* | |
| | No. 3:09-cv-00351 |
| SCOTT E. PEDLEY, | |
| *Defendant-Appellee*. | William M. Conley, |
| | *Chief Judge*. |

**O R D E R**

Plaintiff Cory W. Goecks appeals from a judgment of the United States District Court for the Western District of Wisconsin granting defendant Scott Pedley's motion for summary judgment. Goecks voluntarily resigned as Deputy Sheriff from the Lafayette County Sheriff's Department in 2005. He alleges that Lafayette County Sheriff Pedley deprived him of his occupational liberty without due process of law under the Fourteenth Amendment by making

---

[*]The Honorable Joan Humphrey Lefkow of the Northern District of Illinois, sitting by designation.

defamatory and stigmatizing statements to prospective law-enforcement employers and by discouraging potential employers from hiring Goecks. We incorporate the district court's statement of facts by reference. See *Goecks v. Pedley*, 732 F. Supp. 2d 828, 830-32 (W.D. Wis. 2010). Because Goecks' claim is foreclosed as a matter of law by *Siegert v. Gilley*, 500 U.S. 226 (1991), we affirm.

Defamation is a claim under state tort law, but defamation by a state actor is not, by itself, a constitutional deprivation. *Siegert*, 500 U.S. at 233-34. "[T]o implicate a liberty interest, such charges of defamation must be coupled with the alteration of a legal status, such as the loss of an employment position." *Townsend v. Vallas*, 256 F.3d 661, 669 (7th Cir. 2001), citing *Paul v. Davis*, 424 U.S. 693, 708-10 (1976). Goecks' claim fails as a matter of law because the undisputed facts show that Pedley did not make his defamatory statements incident to any change in Goecks' legal status. Pedley made his defamatory statements about Goecks and his efforts to discourage other police departments (notably the Shullsburg Police Department) from hiring Goecks nearly two years after Goecks voluntarily resigned from the Lafayette County Sheriff's Department. The statements therefore were not "incident to" termination (or accompanied by a failure to rehire) as required by *Siegert*. See 500 U.S. at 234; see also *Klug v. Chicago School Reform Bd. of Trustees*, 197 F.3d 853, 859 (7th Cir. 1999) ("One must show both a stigma and a failure to rehire. The infliction of a stigma to reputation accompanied by a failure to rehire (or, *a fortiori*, by a discharge) states a claim for deprivation of liberty without due process within the meaning of the Fourteenth Amendment.") (citation and quotation marks omitted); *McMath v. City of Gary*, 976 F.2d 1026, 1032 (7th Cir. 1992) ("*Siegert* . . . emphasized that the publication [of stigmatizing statements] must occur in the context of termination"); *Wroblewski v. City of Washburn*, 965 F.2d 452, 456 (7th Cir. 1992) (observing that *Siegert*'s "requirement that the defamatory statement be 'incident to' the adverse employment action is a strict one").

We find no principled basis on which to distinguish *Siegert*, a similar case in which the defendant employer made post-resignation statements that allegedly harmed the plaintiff's professional reputation and interfered with new employment prospects. The plaintiff lost in *Siegert* because the alleged defamation did not occur incident to his termination. See 500 U.S. at 234. Thus, as in *Siegert*, and for the reasons articulated by the district court, Pedley's statements about Goecks, do not state a claim for the violation of a liberty interest under the Fourteenth Amendment.

We also do not believe that Goecks' allegations about Pedley's persistent efforts to encourage the Shullsburg Police Department not to hire Goecks, actions that Goecks characterizes as "threats" or "inducements" of the Shullsburg Mayor or the City of Shullsburg, form the basis of any claim for the deprivation of Goecks' constitutional rights or in any meaningful way distinguish this case from *Siegert*.

We also agree with the district court that stigmatizing statements within Goecks' personnel file with the Sheriff's Department were not actionable because they had not yet been released, or published. See *Franklin v. City of Evanston*, 384 F.3d 838, 845 (7th Cir. 2004); *McMath*, 976 F.2d at 1035 (noting that information in a personnel file may be a "ticking time bomb . . . but until the time bomb explodes – *i.e.*, until the information is disseminated – there is no publication and no constitutional tort.") (citations and quotation marks omitted). There is no evidence in the record that Pedley's memos in Goecks' personnel file were ever disseminated.

Goecks' remaining arguments were not raised before this appeal and are waived. Goecks argues, for instance, that Pedley's actions constitute tortious interference with a contract under Wisconsin law, which amounts to a change in legal status. He also argues that Pedley's actions "shock the conscience" and thus constitute a deprivation of Goecks' right to substantive due process. We will not consider these arguments for the first time on appeal. *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819-20 (7th Cir. 2006).

We address only Goecks' federal constitutional claim. We express no view on any possible state law remedies that might have been available. The judgment of the district court is AFFIRMED.