[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13369
Non-Argument Calendar
_____

District Court No. 9:14-cv-80452-WJZ

RANDALL WHITE,

Plaintiff-Appellant,

NICHOLAS APOSTOL, THOMAS DOWDA,
KENNETH TODERO, MARC ROMAN,
BRIAN CHAMBERLAIN, STEVEN MARTINS,
ROBERT HERRIMAN, SCOTT WARMACK,
JAMES SPRITZER, ROCHELLE ALTHOLTZ,
DALE SCHULTZ, CAROL SCHULTZ,
PATRICIA LEONARD, HAMISH BROWNIE,
MYLES SAVERY, PATRICIA BENTON LEE,
MALGORZATA NAPIERACZ,
TAYLOR VITITOW, STAGE PROPERTIES LLC,
PATRICK KELLY, DAVID LAUR,
PAMELA LAUR, ALAN PISCATELLI,

Plaintiffs,

versus

BANK OF AMERICA NATIONAL ASSOCIATION,
and its undisclosed loan origination and securitization
partners, including their successors, assigns or agents
including but not limited to Wells Fargo Bank, N.A., as

Trustee for the Certificateholders of Banc of America
Alternative Loan Trust 2005-2 Mor,
BRANCH BANKING AND TRUST COMPANY,
as successor in interest ot BankAtlantic and its
undisclosed loan origination and securitization partners,
including their successors, assigns or agents,
CITIBANK, N.A.
as assignee of American Brokers Conduit and its
undisclosed loan origination and securitization partners,
including their successors, assigns or agents including
but not limited to Citibank, N.A., as Trustee for American
Home Mortgage Assets Trust 2006-3,
CITIMORTGAGE, INC.,
Successor by merger to ABN Ambro Mortgage Group, Inc.,
and its undisclosed loan origination and securitization
partners, including their successors, assigns or agents
including but not limited to Federal Home Loan Mortgage Corporation,
COUNTRYWIDE HOME LOANS, INC.,
and its undisclosed loan origination and securitization partners,
including their successors, assigns or agents including but not limited
to The Bank of New York Mellon fka The Bank of New York as Trustee
for the Certificateholders CWMBS, Inc., CHL Mortga,
FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,

                                                        Defendants,

GREENPOINT MORTGAGE FUNDING, INC.,
And its undisclosed loan origination and securitization partners,
Including their successors, assigns or agents, including but not
Limited to Federal National Mortgage Association,

                                                        Defendant-Appellee.

                        _____

                    Appeal from the United States District Court
                        For the Southern District of Florida
                            _____

                                (April 7, 2015)

Before TJOFLAT, JORDAN, and JILL PRYOR, Circuit Judges.

2

PER CURIAM:

In his amended complaint, Randall White alleged that in January 2005, he gave Green Point Mortgage Funding, Inc., a note in the principal amount of $232,000 secured by a mortgage on real property in Jupiter, Florida; that Green Point appraised the property at $290,000; and that the Palm Beach County Appraisal Report indicated that the actual value of the property was $138,000.  The amended complaint contains three claims against Green Point.  Two are relevant here as claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  More specifically, Counts II and III allege that Green Point is liable for the inflated property appraisal under 18 U.S.C. § 1962(c)–(d).

Green Point moved the District Court to dismiss White's amended complaint on the ground that the RICO claims were barred by the four-year statute of limitations.  *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156, 107 S. Ct. 2759, 2767, 97 L. Ed. 2d 121 (1987) ("[W]e conclude that . . . the federal policies that lie behind RICO and the practicalities of RICO litigation make the selection of the 4-year statute of limitations for Clayton Act actions, 15 U.S.C. § 15b, the most appropriate limitations period for RICO actions.").  The District Court, in an order entered on June 26, 2014, agreed that the claims were time-barred and dismissed White's claims with prejudice.

3

White appeals.  We affirm.  We note that White did not oppose Green Point's motion to dismiss.  As a general rule, a party presented with a motion to dismiss "must proffer some legal basis to support his cause of action."  *Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006).  And "[a]rguments raised for the first time on appeal are not properly before this Court."  *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000).  The arguments White presents in support of the timeliness of his claims were not presented to the District Court.  We therefore do not consider them.

AFFIRMED.

4