NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2016[*]
Decided September 23, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1525

| | |
|---|---|
| JOSEPH REINWAND, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 15-cv-799-bbc |
| | |
| FRANK BLACKBURN, | Barbara B. Crabb, |
| *Defendant-Appellee.* | *Judge.* |

## O R D E R

Joseph Reinwand, a Wisconsin prisoner, appeals the dismissal of his complaint alleging that Dr. Frank Blackburn, a reviewing physician for a disability benefit fund, committed medical malpractice by opining that Reinwand is not totally disabled. The district court dismissed the complaint for failure to state a claim. We modify the judgment to reflect a dismissal for lack of jurisdiction rather than on the merits, and as modified we affirm.

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Reinwand had received monthly disability payments through an employee benefit plan before his incarceration, but those benefits were terminated after Dr. Blackburn opined that Reinwand was not disabled based on a review of his medical forms. Reinwand sued the plan itself, its administrator, and Dr. Blackburn, alleging that they had improperly terminated his disability benefits. The district court dismissed Dr. Blackburn on the ground that benefit claims under the Employee Retirement Income Security Act may be brought only against the plan itself and its administrator. *See* 29 U.S.C. § 1132(d)(2). However, the court allowed Reinwand to proceed against the plan and its administrator.

Reinwand then sued Dr. Blackburn a second time alleging that he committed medical malpractice by giving a "medical diagnosis" without performing a physical examination. The district court screened the complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. The court construed Reinwand's allegation as a renewed attempt to bring a benefits claim under ERISA and repeated its conclusion from Reinwand's first suit that Dr. Blackburn is not a proper defendant for such a claim. The court then explained that Reinwand did not state a claim for malpractice because Dr. Blackburn never treated him and owed him no duty of care. And to the extent Reinwand sought to allege a constitutional violation, the court added, Dr. Blackburn is not a state actor and may not be held liable under 42 U.S.C. § 1983.

On appeal Reinwand clarifies that he intended to bring only a medical-malpractice claim and tells us that the district court mischaracterized his complaint because "a claim of malpractice is not the same as a claim under ERISA." Although he now attempts to portray that state-law tort as a constitutional violation by asserting that Dr. Blackburn's "malpractice" would allow a jury to infer deliberate indifference, this is insufficient to invoke federal jurisdiction. Moreover, he cannot add new claims on appeal. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819–20 (7th Cir. 2006). Medical malpractice is not a constitutional violation; "the Eighth Amendment does not codify common law torts." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). And any attempt to amend would be futile because private actors like Dr. Blackburn not acting under color of state law are not liable for constitutional violations under § 1983. *See West v. Atkins*, 487 U.S. 42, 48–49 (1988); *Babchuk v. Ind. Univ. Health, Inc.*, 809 F.3d 966, 968–71 (7th Cir. 2016).

We MODIFY the judgment to reflect a dismissal for lack of jurisdiction rather than on the merits, and as modified the judgment is AFFIRMED.