# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-2052

GAIL KING,

*Plaintiff-Appellant,*

*v.*

CITY OF MADISON,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07-cv-295-bbc—**Barbara B. Crabb**, *Chief Judge.*

SUBMITTED OCTOBER 8, 2008[*]—DECIDED DECEMBER 4, 2008

Before RIPPLE, WOOD, and TINDER, *Circuit Judges.*

WOOD, *Circuit Judge.* Gail King sued her former employer, the City of Madison, Wisconsin, claiming that the City failed to accommodate her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, and

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

the Rehabilitation Act, 29 U.S.C. § 794. The district court granted summary judgment to the City and later denied King's motion to alter or amend the judgment under FED. R. CIV. P. 59(e). We have reviewed the district court's decision *de novo*; finding no error, we affirm.

King worked for the City as a transit operator (more colloquially, a bus driver) until she became unable to work from the combined effect of several factors: a high-risk pregnancy, diabetes, and migraine headaches. She requested, and the City approved, leave without pay beginning on February 23, 2003. Initially King was placed on a six-month disability leave of absence, and later she was transferred to layoff status for a period of eighteen months. During her disability layoff and following her pregnancy, King was treated for chronic diabetes, headaches, and intermittent, severe dizziness.

King's job was governed by a collective bargaining agreement between the City and the International Brotherhood of Teamsters Local 695. The collective bargaining agreement stated that during disability layoff, King retained the right "to displace the most junior employee in any job classification equal to or lower in range than his or her original position within the bargaining unit." She also had the right to fill any vacant position within her bargaining unit for which she was qualified and retained the right to compete for vacant City positions in other bargaining units.

After she had been on leave for approximately fourteen months, King received her physician's authorization to return to work, but the doctor barred her from driving a

bus. Based on King's seniority and classification range, the only position that she had a right to demand within her bargaining unit was that of transit operator. Her medical restrictions, however, ruled that job out. King wanted to bump into an "operations tech II" position, but she was not eligible for it because the job was in a higher classification range than her transit operator position. She applied for five vacant clerical positions in other bargaining units but was not selected as the most qualified applicant.

After two years of leave, the City terminated King's employment, as it was entitled to do under section 20.8 of the collective bargaining agreement. She then sued the City, asserting that it had unlawfully failed to accommodate her disability. The district court granted summary judgment in favor of the City, holding that King was not a qualified individual with a disability under the ADA because her medical conditions did not substantially limit her in the major life activity of working. The district court further held that the City had provided her with a reasonable accommodation, noting that the City had no obligation to override the labor contract on King's behalf.

King asked the district court to reconsider its ruling based on newly acquired evidence. The court construed her request as a motion to amend or alter the judgment under Rule 59(e). In that motion, King presented for the first time evidence that the State of Wisconsin had found her disabled for purposes of state law, and she argued that this evidence contradicted the district court's conclusion that she was not disabled under the ADA. The district court denied the motion, noting that King had not explained why

she had not submitted the evidence sooner. The court also observed that the state's finding of disability had no bearing on the question whether King was disabled for purposes of the ADA.

To survive the City's motion for summary judgment on her failure-to-accommodate claim, King needed to present evidence that, if believed by a trier of fact, would show that she is a qualified individual with a disability, that the City was aware of her disability, and that the City failed to reasonably accommodate that disability. See *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005). The Rehabilitation Act, which applies to programs receiving federal financial assistance, also requires employers to accommodate qualified individuals with a disability and incorporates the standards of the ADA. See 29 U.S.C. § 794(d); *Garg v. Potter*, 521 F.3d 731, 736 (7th Cir. 2008); *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005).

Even if we assume that King is disabled for purposes of the ADA,[**] she could not survive the City's motion for summary judgment because the City provided her with a reasonable accommodation. King is correct to note that the ADA recognizes reassignment to a vacant position as a potentially reasonable accommodation if a disabled employee is unable to perform the essential functions of a

---

[**] On September 25, 2008 the President signed the Americans with Disabilities Act Amendments of 2008, Pub. L. No. 110-325, 122 Stat. 3553. These amendments, which amended and arguably broadened the ADA's definition of "disability," become effective January 1, 2009, and therefore do not apply to this case.

job. 42 U.S.C. § 12111(9)(B). On the other hand, employers are not required "'to reassign a disabled employee to a position when such a transfer would violate a legitimate, nondiscriminatory policy of the employer.'" *EEOC v. Humiston-Keeling, Inc.*, 227 F.3d 1024, 1028 (7th Cir. 2000) (quoting *Dalton v. Subaru-Isuzu Auto., Inc.*, 141 F.3d 667, 679 (7th Cir. 1998)). Nondiscriminatory hiring and reassignment provisions of a collective bargaining agreement qualify as such a policy. *Winfrey v. City of Chicago*, 259 F.3d 610, 618 (7th Cir. 2001).

The record shows that the City complied with the collective bargaining agreement and considered King for other vacant positions. Based on the placement policies contained in the agreement, however, King had no right to bump another employee from the other available positions within her collective bargaining unit. She failed in her effort to obtain a position outside her unit because she was not the most qualified candidate. As far as this record shows, the City applied its disability layoff policies in a neutral, nondiscriminatory way and accommodated King as far as it could. See *Winfrey*, 259 F.3d at 618 (holding that employer was not required to assign disabled employee to job reserved for union members under collective bargaining agreement); *Humiston-Keeling*, 227 F.3d at 1026-27 (holding that employer was not required to reassign disabled warehouse picker to clerical position if she was not the most qualified applicant according to employer's nondiscriminatory policy).

Finally, King argues that the district court should have granted her motion under Rule 59(e) on the ground of

newly discovered evidence. King contends that this evidence, in conjunction with the disability determination based on Wisconsin law, would make it clear that the City's efforts fell short of reasonable accommodation. King's new evidence, however, was available to her throughout the litigation, and the district court therefore did not abuse its discretion in denying the motion. See *County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006); *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).

Accordingly, we AFFIRM the judgment of the district court.