NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 31, 2009[*]
Decided April 1, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1570

| | |
|---|---|
| JARRETT JAMES, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Western District of |
| | Wisconsin. |
|     *v.* | |
| | No. 07-cv-563-jcs |
| DARRIN ZIMMERMAN, | |
|     *Defendant-Appellee.* | John C. Shabaz, |
| | *Judge*. |

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary.  Thus, the appeals are submitted on the briefs and the records.  See  FED. R. APP. P. 34(a)(2).

**O R D E R**

Jarrett James sued Darrin Zimmerman, a detective with the City of Middleton Police Department, for illegally seizing his vehicles without a warrant. See 42 U.S.C. § 1983. Zimmerman acknowledged that he did, in fact, seize James's cars, but he seized them pursuant to search warrants. Zimmerman moved for summary judgment and attached copies of the search warrants, one authorizing the seizure of a 2000 Lexus and another authorizing the search of a 1994 Mercury Grand Marquis. The search warrant for the Mercury, the sole subject of this appeal, specifically listed financial documents, firearms, clothing, records of ownership of the car, and impressions of tire tread wear as items to be searched. It also authorized "any law enforcement officer" to "seize" any property listed in the warrant.

In his response to Zimmerman's motion for summary judgment, James acknowledged the existence of the search warrants, but he claimed that his Mercury was "seized" when the warrants authorized only a "search." Zimmerman replied that he could not search the Mercury without seizing it, nor could he take impressions of tire wear of the car, which was in a public lot, without taking the car to the crime lab. The district court agreed and granted summary judgment in favor of Zimmerman.

On appeal, Zimmerman questions our jurisdiction because James filed his notice of appeal on March 3, 2008, which is more than 30 days after the district court entered judgment on January 29. But on February 12, within ten business days of the judgment, James moved for reconsideration of the judgment based on new evidence. So filed, that motion is considered to be under Rule 59 of the Federal Rules of Civil Procedure. See *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008). And, under FED. R. APP. P. 4(a)(4)(A)(iv), the 30-day clock restarted when the district court denied the Rule 59 motion on February 21. See *Oblix, Inc.* v. *Winiecki*, 374 F.3d 488, 490 (7th Cir. 2004); *Charles v. Daley*, 799 F.2d 343, 347-48 (7th Cir. 1986). So James's appeal is timely.

We review the district court's grant of summary judgment *de novo. Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009). James maintains that his Mercury was taken without a warrant authorizing a seizure of the vehicle. But when the police reasonably believe that a publicly located car is itself evidence of a crime, the police may carry out even a warrantless seizure of the car. See *Florida v. White*, 526 U.S. 559, 564-66 (1999). Here Zimmerman reasonably believed that the tires of a car located on a public lot revealed evidence of a crime. Moreover, Zimmerman *had* a warrant, and it specifically allowed him to seize any of the property listed in the warrant, including the treads of the tires. As a practical matter, the car had to be seized in order to analyze the tire wear.

James's brief also includes many unsubstantiated factual allegations that he raised for the first time in his post-judgment motion before the district court. The court did not abuse its discretion when it denied his request that it consider these belated allegations because James could have made these arguments before summary judgment was entered. *King v. City of Madison*, 550 F.3d 550, 601 (7th Cir. 2008). Moreover, the appellate stage is not the proper place to introduce new evidence, and bare allegations in a brief, unsupported by an affidavit in the summary judgment record, are insufficient to overturn the grant of summary judgment. *De la Rama v. Illinois Dept. of Human Srvcs.* 541 F.3d 681, 685 (7th Cir. 2008).

AFFIRMED.